IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                     Plaintiff,

    v.

BRIAN KEITH SMALL,

                     Defendant.

ORDER

14-cr-18-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       A final pretrial hearing was held in this case on October 24, 2014, before United States District Judge Barbara B. Crabb.  (The hearing was preceded by an ex parte hearing with defendant and his counsel, Reed Cornia.)  The government appeared by Tim O'Shea and Munish Sharda, Assistant United States Attorneys.  Defendant was present in person and by counsel, Reed Cornia.

       Counsel predicted that the case would take three days to try.  Trial days will begin at 10:00 a.m. to allow Mr. Small to travel to Madison by bus each morning, and will run until 5:30 p.m., with at least an hour for lunch, a short break in the morning and another short break in the afternoon.

       The witnesses will be sequestered.  Counsel are familiar with the court's visual

1

presentation system.

Counsel should use the microphones at all times and address the bench with all objections. If counsel need to consult with one another, they should ask for permission to do so. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference.

Counsel are to provide the court with copies of documentary evidence before the start of the first day of trial.

Counsel agreed to the voir dire questions in the form distributed to them at the final pretrial conference before the magistrate judge.

The government provided its witness list and anticipated exhibits to the court, *ex parte.* It asked for and was granted permission to ask leading questions of two witnesses (an inmate and a prison official) to insure that neither witness makes statements prejudicial to defendant. This does not mean that they may ask only leading questions of these witnesses.

At the government's request, I advised plaintiff of the provisions of Fed. R. Crim. P. 43(c) to the effect that defendants who are voluntarily absent from the courtroom while the proceedings are in session may be found to have waived their right to be present for the remainder of the trial, as well as for sentencing.

Defendant's counsel contended that he should be allowed to argue reasonable doubt; his request was denied. The government had nothing further to say about the motions filed

2

by defendant, dkts. ##62, 63, 64, 65 and 66, other than to reiterate that it intends to abide by all of them.

 Entered this 24th day of October 24, 2014.

        BY THE COURT:
        /s/
        BARBARA B. CRABB
        District Judge